IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Heather C. Hoffman, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:08-0117-CWH |
| | ) | |
| vs. | ) | |
| Sheriff P. J. Tanner, Chief Deputy | ) | |
| Michael Hatfield, Brian Baird, | ) | **ORDER** |
| Captain Toby McSwain, Master Sergeant | ) | |
| Mike Riley, Mark Dorman, | ) | |
| and David Love, | ) | |
| | ) | |
| Defendants. | ) | |

On January 14, 2008, the plaintiff, Heather Hoffman, filed a seventeen-count civil rights action against forty-one defendants, alleging (1) violations of her constitutional rights guaranteed her under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983; (2) conspiracy under 42 U.S.C. § 1985 to deprive the plaintiff of her constitutional rights, including deprivation of equal protection based on gender and "victim/witness/informant of unlawful harassment;" (3) conspiracy to advance or conceal constitutional deprivations under 42 U.S.C. § 1986; (4) violations of 18 U.S.C. § 1961, known as the Racketeering Influenced and Corrupt Organizations Act; and (5) intentional infliction of emotional distress.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a United States magistrate judge for pre-trial proceedings and a report and recommendation (R&R). The magistrate judge filed an R&R recommending that the complaint be dismissed against most of the forty-one defendants. The plaintiff filed objections to the R&R.



On March 10, 2010, the Court adopted the magistrate judge's recommendations, and further ordered that additional defendants be dismissed because they had not been properly served. (ECF No. 44). However, the plaintiff's claims for intentional infliction of emotional distress and violations of 42 U.S.C. § 1983 remained against the defendants Sheriff P. J. Tanner, Chief Deputy Michael Hatfield, Brian Baird, Captain Toby McSwain, and Master Sergeant Mike Riley, who are employed by the Beaufort County Sheriff's Department (the "BCSD defendants"), and Mark Dorman and David Love, who are employed by the South Carolina Department of Labor, Licensing & Regulation (the "LLR defendants").

On March 25, 2010, the BCSD defendants and the LLR defendants filed a motion for summary judgment. (ECF No. 47). A Roseboro order was issued to the plaintiff, who filed a response in opposition to the motion for summary judgment. (ECF No. 51). On December 14, 2010, the magistrate judge filed a comprehensive, fifteen-page R&R wherein he carefully analyzed the issues and the applicable law prior to recommending that the BCSD defendants and the LLR defendants be granted summary judgment on the plaintiff's federal claims. (ECF No. 55). The magistrate judge further recommended that this Court decline to exercise supplemental jurisdiction over the pending state claims, and dismiss those claims without prejudice. (Id.) In so concluding, the magistrate judge first reasoned that, to the extent that the BCSD defendants and the LLR defendants were sued in their official capacities, each was an officer of the State of South Carolina, and was not amenable to suit under 42 U.S.C. § 1983. Second, to the extent that the BCSD defendants and the LLR defendants were sued in their individual capacities, each of the defendants should be dismissed because the plaintiff failed to show (1) that any of the defendants acted personally in the deprivation of the plaintiff's rights; (2) that she suffered a



specific injury as a result of the specific conduct of a defendant; and (3) an affirmative link between the conduct and her injury. Third, the magistrate judge recommended that the plaintiff's federal claims against all of the defendants be dismissed on Eleventh Amendment grounds. Lastly, the magistrate judge recommended that the plaintiff's state law claim for intentional infliction of emotional dismiss be dismissed because the plaintiff failed to make a prima facie showing of the requisite four elements of the tort with respect to any of the defendants.

The plaintiff timely filed objections to the magistrate judge's R&R. This matter is now before the Court for disposition. The Court is charged with making a de novo determination of any portion of the magistrate judge's recommendation to which a specific objection is made. See 28 U.S.C. § 636(b). A party's failure to object is accepted as an agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149 (1985). This Court is not required to review under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. Id. at 149-50. Furthermore, general objections will not suffice to obtain judicial review of a magistrate judge's findings. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the Court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).



The plaintiff's objections to the R&R consist of a three-page document that re-states her previous arguments by directing the Court's attention to pleadings that have been filed by her in this case. For example, she states: "Plaintiff herein resubmits the Written Response of April 27, 2010, for United States Judge C. Weston Houck's review and recommendation for determination as to whether or not Plaintiff plead [sic] genuine issues of material fact for trial[.]" (ECF No. 58 at 2). The plaintiff must make specific objections, and may not merely incorporate by reference and restate the arguments previously presented to, and rejected by, this Court. See Orpiano.

Furthermore, upon review, the Court finds that the plaintiff's objections do not direct this Court to a specific error made by the magistrate judge. The plaintiff states:

> Plaintiff herein is specifically disputing and objecting to the entire content of the Report and Recommendation of Judge Carr on December 14, 2010, as there is clear error on the fact of the record. Plaintiff alleges this "clear error on the fact of the record" is clearly bias [sic] and prejudicial to Plaintiff as Judge Carr has clearly failed to acknowledge, address, discuss, respond to and/or dispute any of Plaintiff's legal issues and factual arguments raised and presented in pages 1-31 of Plaintiff's report [sic]."

(ECF No. 58 at 2). The plaintiff's conclusory objections lack the specificity to warrant judicial review. See Howard. Thus, the magistrate judge's conclusions are reviewed only for clear error, Diamond, 416 F.3d at 315, and the Court finds no clear error in the magistrate judge's R&R.

Lastly, the plaintiff claims that she has a "lawful, legal right to present verbal argument" to this Court to establish genuine issues of material fact that would preclude the entry of summary judgment against her. However, the Court retains the discretion to schedule a hearing on a motion, and declines to hold a hearing on this matter. See Local Civil Rule 7.08, D.S.C. ("Hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing.").



After a full review of the record and pertinent case law, the Court accepts and adopts the magistrate judge's R&R (ECF No. 55) and grants the motion for summary judgment filed by the BCSD defendants and the LLR defendants. (ECF No. 47). The Court declines to exercise supplemental jurisdiction over the plaintiff's state law claim for outrage, and dismisses that claim without prejudice. See 28 U.S.C. § 1367(c). The plaintiff's motion for entry of final judgment, pursuant to Fed. R. Civ. P. 54(b), filed on March 22, 2010 (ECF No. 48), is denied as moot.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

March 18, 2011
Charleston, South Carolina